The cause stood over to this term for advisement, and now
Parsons, C. J.,
delivered the opinion of the Court, after stating the action and the substance of the
The propriety of the judge’s direction at the trial is the question before us.
The agreement may be usurious, and the conveyance made by Rounds to the defendant, as a part of such agreement, may be void; but the penalty is not incurred unless the lender, in fact, under the agreement, corruptly receive above the sum of six pounds for giving day of payment for one hundred pounds for a year, or after that rate; in which case he shall forfeit the full value of the money or thing loaned. The plaintiff’s counsel has accordingly argued that three hundred and fifty dollars were loaned, and * that the conveyance of the land, by Rounds, to the [ * 364 ] defendant, was a receipt by him of usurious interest for giving day of payment.
But we are satisfied that this argument ought not to prevail, because it is founded on an erroneous idea of the agreement. If the conveyance of the land was a payment of interest, in consideration of giving day of payment of the principal sum of three hundred and fifty dollars, then, under this agreement, Rounds, after the agreement, remained indebted to the defendant in that sum. *306 But the manifest intent of the parties was, that, on the defendant’s receiving this conveyance from Rounds, the latter was discharged from any demands the defendant had against him on account of this loan. Rounds might repurchase the land of the defendant on an usurious payment of the money.
We are therefore satisfied, on the plaintiff’s own statement, that the land was received by the defendant, not as a payment of usuri pus interest, but as a security "for the repayment of the three hundred and fifty dollars, with usurious interest. And as a repayment of this sum, or of any interest thereon, has never been made the penalty, to recover which this action was sued, has not been incurred.
As it is very clear that Rounds, on proving the case stated by the plaintiff, may avoid his conveyance of this land, the conclusion is equally clear, that this conveyance must be considered as a security for the repayment of the money borrowed, with the illegal interest, and not as an actual payment of that interest, or any part thereof. A nonsuit of the plaintiff was, therefore, in our opinion, very properly directed by the judge, and the defendant may have judgment upon it.

Cost for the defendant.